**ERIC S. POWERS, ESQ.**
**NEVADA BAR NO. 12850**
**POWERS LAW**
2460 Professional Court, Suite 200
Las Vegas, NV 89128
Telephone:   702.868.8000
Fax:          702.939.9968
Email:        Eric@ericpowerslaw.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ORLANDO, an individual, | Case No. 2:22-cv-00404-APG-BNW |
| Plaintiff, | |
| v. | **EX PARTE MOTION FOR ENLARGEMENT OF TIME TO SERVE SUMMONS AND COMPLAINT** |
| CHOICE HOTELS INTERNATIONAL, INC.; ROES I-X, and DOES I - X. | |
| Defendants. | |

Plaintiff JAMES ORALNDO ("Plaintiff"), by and through his counsel of record, Eric S. Powers, Esq. of POWERS LAW hereby moves this Honorable Court for an Order Enlarging the Time for Service of the Summons and Complaint on Defendant CHOICE HOTELS INTERNATIONAL, INC. ("Defendant").

**I.**

**FACTS**

This is an action arising out of an incident occurring on or about March 3, 2020. Plaintiff was an invited guest at the Rodeway Inn located at 19941 W. Kellogg Drive, Goddard, Kansas 67052 ("Rodeway Inn"). At the time of the incident and at all relevant times herein, Rodeway Inn was owned and operated by defendant CHOICE HOTELS

1

INTERNATIONAL, INC. Plaintiff paid value to stay at Defendant's property and was assigned a room by Defendant's staff. Plaintiff alleges that the flooring utilized in the rooms of the Defendant's property was specifically designed to not be slippery or create a likelihood of falls.

Plaintiff was utilizing the bathroom of the room when suddenly, unexpectedly, and without warning, Plaintiff slipped and fell in the bathroom of the room. Plaintiff sustained significant injuries that were so severe that he had to be airlifted to the hospital for medical treatment. Plaintiff alleges that the flooring and/or surfacing utilized by Defendant was slippery, unsafe, and not reasonably suitable for the purposes of housing invited guests at Defendant's property.

## II.

## ARGUMENT

Plaintiff respectfully requests an enlargement of time to effectuate service on the Defendants. Federal Rule of Civil Procedure 4(m) states: Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Moreover, "the Court must extend the 120-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 120 days." *Panliant Fin. Corp. v. ISEE3D, Inc.,* No. 2:12-CV-01376-PMP-CWH, 2015 U.S. Dist. LEXIS 5790, at *5-6 (D. Nev. Jan. 15, 2015) see also, *Lemoge v. United States,* 587 F.3d 1188, 1198 (9th Cir. 2009). "If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "The Court's discretion to extend time

PWOERS LAW

100700.1 3380.43257

for service, or to dismiss without prejudice for failure to timely serve, is broad." *Id*. The Court may extend time for service even after the 120-day period expires. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Here, the time for service of the original Summons and Complaint will expire on June 1, 2022. Plaintiff filed the instant Complaint for the purpose of preserving the statute of limitations. Since then, Plaintiff has made attempts to resolve this matter without the necessity of litigation. Plaintiff has communicated with the appropriate personnel regarding this matter to resolve this claim. Additional time is required to evaluate the medical records and other documentation that is germane to Plaintiff's injuries and damages regarding this claim.

Moreover, Plaintiff recently discovered that the proper defendant in this action is the current defendant (rather than the originally sued defendant herein). Plaintiff's First Amended Complaint was filed on April 5, 2022. Accordingly, Plaintiff hereby respectfully requests that additional time be permitted to serve the summons and complaint in this matter for the purpose of resolving this matter without litigation. Resolving this matter without the necessity of conducting formal litigation is in the best interest of the parties because it will save time and expense. Moreover, the extension will also promote judicial economy as this matter will likely be resolved prior to a formal appearance by Defendant.

Again, both NRCP 4(e)(3) and its federal counterpart provides that: "[u]pon a showing of good cause, the Court shall extend the time for service and set a reasonable date by which service should be made." *Id.* Good cause does exist to grant this Motion. Since the Complaint was filed, significant resources and effort have been made to resolve this matter. Namely, Plaintiff has determined who the appropriate individuals are with authority to resolve this matter without litigation and contacted them for the purposes of the same. Those communications are currently ongoing. Should the Court not extend the time for service, Plaintiff will be forced to serve the Defendants. This will likely disrupt settlement negotiations because the Defendants will be forced to answer the Complaint and expend resources to actively defend this action. These factors constitute good cause under the Rules. *Id.*

If additional time is not granted, Plaintiff will be forced to refile this action and start all over

3

again. This defeats the purpose of saving economic expense. Moreover, there is no prejudice to any Defendant under any circumstances by granting the Motion. Therefore, Plaintiff respectfully requests that this Court grant its Motion to Enlarge the Time for Service of the Defendants for an additional 120 days beyond the date of filing Plaintiff's First Amended Complaint.

## III.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests an extension of time to serve the Defendants for an additional 120 days.

Dated this 1st day of June, 2022.

**POWERS LAW**

By: __s Eric S. Powers_____
ERIC S. POWERS, ESQ.
Nevada Bar No. 12850
2460 Professional Court, Suite 200
Las Vegas, Nevada 89128
Tel:  (702) 868-8000
*Attorneys for Plaintiff*

**ORDER**
**IT IS SO ORDERED**

**DATED:** 7:43 pm, June 02, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4