**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES ORLANDO, | Case No.: 2:22-cv-00404-APG-BNW |
| Plaintiff, | **Order Denying Motion to Dismiss and Granting Leave to Amend Complaint** |
| v. | |
| CHOICE HOTELS INTERNATIONAL, INC., | [ECF No. 14] |
| Defendant. | |

Plaintiff James Orlando alleges defendant Choice Hotels International (CHI) negligently caused him injuries when he slipped and fell in a bathroom at a Rodeway Inn hotel in Goddard, Kansas. CHI is the franchisor of Rodeway Inn. CHI moves to dismiss, arguing Orlando has failed to join SMRUTI, LLC (SMRUTI) and that SMRUTI is a required party because it is the franchisee and operator of the Goddard Rodeway Inn. Orlando opposes the motion, arguing that he asserts separate and distinct claims against CHI and need not join SMRUTI. Nonetheless, Orlando requests leave to amend his complaint to join SMRUTI as a defendant. Because CHI has not shown that SMRUTI is a required party, I deny its motion. I grant Orlando leave to amend his complaint.

**I. ANALYSIS**

A defendant may move to dismiss an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 requires joinder of a "required party," if feasible. Fed. R. Civ. P. 19(a)(1). To determine whether to grant a motion to dismiss under Rule 12(b)(7), I conduct a three-part inquiry. *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022). First, I determine "whether [SMRUTI] must be joined under Rule 19(a)." *Id.* If

so, I next determine whether joinder of SMRUTI is feasible. *Id.* If SMRUTI is a necessary party but joinder is infeasible, I then "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* (quotation omitted). CHI, as the moving party, bears the burden of persuasion. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). I accept the allegations in the complaint as true and draw all reasonable inferences in Orlando's favor. *See Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of L.A.*, 637 F.3d 993, 996 n.1 (9th Cir. 2011).

A party must be joined if, in its absence, "the court cannot accord complete relief among existing parties," or if that party "claims an interest relating to the subject of the action" and its absence would impair its ability to protect the interest or "leave[s] an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). CHI asserts that Orlando may not receive complete relief without SMRUTI's joinder because his "claims are properly directed against SMRUTI," which it claims owns and controls the Goddard Rodeway Inn. ECF No. 14 at 4. CHI also asserts that SMRUTI must be joined because it has a contractual obligation to indemnify and defend CHI. *Id.* at 4, 7. Orlando responds that his claims against CHI are separate from any claim he has against SMRUTI, so SMRUTI is not a required party. Orlando also argues that any indemnification agreement between CHI and SMRUTI is irrelevant to whether SMRUTI must be joined. ECF No. 16 at 3.

"It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). In the absence of SMRUTI, Orlando still bears the burden of proving all elements of his claims against CHI. CHI's argument that Orlando's claims are properly directed at SMRUTI may go to the

1   merits of this lawsuit, but it does not bear on whether SMRUTI is a required party under Rule 19.

2   And the indemnity agreement between CHI and SMRUTI is not relevant for purposes of this

3   motion because "a party does not become a required party for joinder purposes under Federal

4   Rule of Civil Procedure 19 simply by virtue of indemnifying one of the named parties." *Lewis v.*

5   *Clarke*, 581 U.S. 155, 167 (2017). CHI points to no other argument that Orlando must join

6   SMRUTI under Rule 19. Thus, it has not met its burden of showing that SMRUTI is a required

7   party, and I deny its motion. Because SMRUTI is not a required party, I need not analyze

8   whether joinder is feasible or if the case could continue without SMRUTI.

9        Nevertheless, Orlando requests leave to file an amended complaint joining SMRUTI.

10  ECF No. 16 at 6.[1] In its reply brief, CHI does not oppose Orlando's request.[2] ECF No. 17 at 2–

11  3. Orlando may amend his pleadings once as a matter of course. Fed. R. Civ. P. 15(a)(1).

12  Subsequent amendments are allowed with the opposing party's written consent or the court's

13  leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

14  I apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

15  1048, 1051 (9th Cir. 2003) (quotation omitted). Given that CHI does not oppose Orlando's

16  request for leave to amend, I grant him leave to amend his complaint.

17  / / / /

18  / / / /

19

20  [1] Orlando should have filed his request for leave to amend as a separate motion. *See* Local Rule IC 2-2(b). And Orlando should have attached his proposed amended complaint to that motion.
21  Local Rule 15-1(a). I will overlook these errors this once in order to move the case forward efficiently.

22  [2] The parties appear to assume that joinder of SMRUTI would not destroy subject matter jurisdiction. However, "an LLC is a citizen of every state of which its owners/members are
23  citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If a member of SMRUTI is a citizen of Nevada, I would lack jurisdiction over this case.

**II. CONCLUSION**

I THEREFORE ORDER that defendant Choice Hotels International's motion to dismiss **(ECF No. 14) is DENIED**.

I FURTHER ORDER that plaintiff James Orlando may file a second amended complaint adding SMRUTI as a defendant by July 14, 2023.  If he fails to do so, the case will proceed based on the current complaint.

DATED this 15th day of June, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE