**ERIC S. POWERS, ESQ.**
**NEVADA BAR NO. 12850**
**POWERS LAW**
50 S. Stephanie St., Suite 103
Henderson, NV 89012
Telephone:   702.444.4035
Fax:         702.939.9968
Email:       Eric@ericpowerslaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES ORLANDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC.; SMRUTI LLC; ROES I-X, and DOES I - X.<br><br>Defendants. | Case No. 2:22-cv-00404-APG-BNW<br><br>**PLAINTIFF'S SECOND AMENDED COMPALINT AND DEMAND FOR JURY TRIAL** |

Plaintiff JAMES ORALNDO ("Plaintiff"), by and through his counsel of record, Eric S. Powers, Esq. of POWERS LAW hereby demands a trial by jury for his causes of action and complains and alleges against Defendant CHOICE HOTELS INTERNATIONAL, INC., SMRUTI LLC, and ROES/DOES (collectively, "Defendants") as follows:

**I.   PARTIES AND JURISDICTION**

1.   Plaintiff JAMES ORLANDO was at all times mentioned herein, a resident of the State of Nevada, County of Clark, City of Las Vegas.

2.   Upon information and belief, at the time of the incident on March 3, 2020, and at all times relevant herein, Defendant CHOICE HOTELS INTERNATIONAL, INC. ("CHI") is and was a corporation registered in the state of Delaware with its principal place

1

of business in the State of Maryland.

3. Upon information and belief, at the time of the incident on March 3, 2020, and at all times relevant herein, Defendant SMRUTI LLC ("SMRUTI") is and was a limited liability company registered in the state of Kansas and conducting business in Kansas.

4. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES I through X, and ROE CORPORATIONS XI through XX, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon allege that each of the Defendants designated as DOES I through X, and ROE CORPORATIONS XI through XX are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to the Plaintiff as herein alleged. The legal responsibility of said Defendants DOES I through X, and ROE CORPORATIONS XI through XX, arises out of, but is not limited to, their status as driver of the vehicle subject to this collision, owners and/or their maintenance and/or entrustment of the subject vehicle which Defendant was operating at the time of the subject injury, and/or their agency, master/servant or joint venture relationship with said Defendant. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

## II.   JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 28 U.S.C. § 1332 as the parties are diverse citizens of different states and the amount in controversy exceeds $75,000.00 exclusive interest and attorney's fees. Venue in this District is proper in that the Plaintiff's course and treatment as a result of the incident exclusively occurred in Las Vegas, Clark County, Nevada.

## III.   GENERAL FACTUAL ALLEGATIONS

100700.1 3380.43257

PWOERS LAW

5. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

6. On or about March 3, 2020, Plaintiff was an invited guest at the Rodeway Inn located at 19941 W. Kellogg Drive, Goddard, Kansas 67052 ("Rodeway Inn").

7. At the time of the incident and at all relevant times herein, a licensing agreement was in effect whereby defendant Choice agreed to license its name, image, and likeness to SMRUTI with respect to the subject Rodeway Inn.

8. Pursuant to the licensing agreement, SMRUTI was responsible for the daily operation of the subject Rodeway Inn.

9. Defendant Choice was also responsible for monitoring the operation of the subject Rodeway Inn and ensuring that the subject Rodeway Inn was maintained in a safe and reasonable manner.

10. Thus, both SMRUTI and Choice had a duty to ensure the subject Rodeway Inn was maintained in a safe and reasonable manner for patrons of the property, invited guests, and the public.

11. Plaintiff paid value to stay at the subject Rodeway Inn and was assigned a room by Rodeway Inn staff.

12. Upon information and belief, the flooring utilized in the rooms of the Defendant's property was specifically designed to not be slippery or create a likelihood of falls.

13. Plaintiff was utilizing the bathroom of the room when suddenly, unexpectedly, and without warning, Plaintiff slipped and fell in the bathroom of the room.

100700.1 3380.43257

14. Plaintiff sustained significant injuries that were so severe that he had to be airlifted to the hospital for medical treatment.

15. The flooring and/or surfacing utilized by Defendants was slippery, unsafe, and not reasonably suitable for the purposes of housing invited guests at Defendant's property.

16. The flooring utilized by the subject Rodeway Inn was authorized to be installed by Defendant Choice.

17. The flooring utilized by the subject Rodeway Inn was negligently maintained by Defendant SMRUTI.

18. All of the foregoing paragraphs shall be hereafter referred to as the "subject incident."

19. That, upon information and belief, and at all times relevant hereto, Defendants, and each of them, owned the premises and/or controlled the subject area where the subject incident occurred.

20. That, upon information and belief, and at all times relevant hereto, Defendants, and each of them, were responsible for maintaining, servicing, and/or repairing the subject area where the subject incident occurred.

21. That Plaintiff had permission and/or consent from Defendants, whether express or implied, to be in the bathroom of the room where the subject incident occurred.

22. Moreover, that Plaintiff was an invited guest at the subject Rodeway Inn, and paid value to rent a room where the subject incident occurred.

23. At the time of the incident, the bathroom and/or bathtub of the room Plaintiff was an invited guest in was improperly surfaced and not marked in any manner or way to

4

warn Plaintiff against the danger in and around the subject area that was hazardous.

24. At the time of the incident, the subject area was not marked in any manner or way to warn Plaintiff and/or other invited guests against the danger in and around the subject area that was hazardous.

25. Upon information and belief, the hazardous condition in the subject area was placed and/or maintained and/or allowed to exist on the ground by Defendants and/or DOE INDVIDUALS and/or ROE ENTITIES, as agent, servant, worker, and/or employee of Defendants.

26. Upon information and belief, the hazardous condition in the subject area was known or should have been known by Defendants and/or DOE INDIVIDUALS and/or ROE ENTITIES, as agents, servants, workers, and/or employees of Defendants, and/or existed on the ground of the bathroom/bathtub for such a length of time that Defendants and/or their agents, servants, workers and/or employees should have known of its presence.

27. Upon information and belief, Defendants, and each of them, had or should have had actual or constructive notice of the hazardous condition in the subject area prior to the subject incident.

28. At all times relevant herein, Defendants and each of them, acted by and through their duly authorized agents, servants, workers, and/or employees and they were acting within the course and scope of their employment and scope of their authority for Defendants.

29. Upon information and belief, and at all times relevant hereto, Defendants, and each of them, held ownership, custody, and/or control over the physical area of the property

5

wherein the bathroom/bathtub was located and the subject area where the subject incident occurred.

30. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff fell and sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of seventy-five thousand dollars ($75,000.00).

31. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to Plaintiff's damages.

32. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, in an amount in excess of seventy-five thousand dollars ($75,000.00).

33. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff, has limited recreational function and ability, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

34. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has sustained a loss of earning capacity, pas and future, as well as a loss of wages.

6

35. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

36. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### IV. FIRST CLAIM FOR RELIEF
### Negligence – Against All Defendants

37. Plaintiff reincorporates and realleges the preceding paragraphs as though fully set for the herein.

38. Plaintiff alleges that, at all times relevant and mentioned herein, Defendants, and each of them, had an interest in the premises where the subject incident occurred through ownership, control, maintenance, inspection, contractual obligations, tenancy, occupancy, as landowners or otherwise.

39. Plaintiff alleges that, at all times mentioned herein, Defendants and each of them, owed all invitees, licensees, guests, or other persons lawfully on the property or premises, a duty of reasonable care to remove all hazards that existed in and around the premises, including, without limitations, the bathroom/bathtub of the room Plaintiff was in.

40. Defendant and each of them, had a duty to maintain the premises and keep reasonable and safe the areas of the bathroom/bathtub of the room Plaintiff was in.

41. Defendants, and each of them, had a duty to maintain the premises and keep warning signage in the areas of hazardous conditions.

100700.1 3380.43257

42. Plaintiff alleges that, at all relevant times mentioned herein, Defendants, and each of them had a duty to take reasonable precautions to prevent any foreseeable dangerous and/or hazardous condition, upon which the public at large, including Plaintiff, could be injured.

43. Plaintiff alleges that, at all relevant times mentioned herein, Defendants, and each of them, had a duty to keep and maintain the subject premises in a safe condition, including but not limited to remedying and/or curing any dangerous and hazardous conditions, and mitigating or preventing any foreseeable dangerous and/or hazardous condition, upon which the public could be injured.

44. Plaintiff alleges that, at all relevant times mentioned herein, Defendants, and each of them, knew or should have known that, on or about March 3, 2020, a hazardous condition existed in the subject area of the bathroom/bathtub where the subject incident occurred.

45. Plaintiff alleges that, at all relevant times mentioned herein, Defendants, and each of them, knew or should have known that the hazardous condition in the subject area of the bathroom/bathtub where the subject incident occurred created a foreseeable danger to the Plaintiff.

46. Plaintiff alleges that, at all relevant times mentioned herein, Defendants, and each of them, breached their aforementioned duty of care by failing to fix, repair, remove, and/or remediate the hazardous, and slippery conditions that existed in the subject area.

47. Plaintiff alleges that, at all relevant times mentioned herein, Defendants, and each of them, breached their aforementioned duty of care by failing to take reasonable

precautions to prevent any foreseeable dangerous or hazardous conditions, upon which the public at large, including Plaintiff could be injured.

48.   Plaintiff alleges that, at all relevant times mentioned herein, Defendants, and each of them, breached their aforementioned duty of care by failing to maintain the premises in a safe condition, including, but not limited to remedying and/or curing any dangerous and hazardous conditions, and mitigating or preventing any foreseeable dangerous and/or hazardous condition upon which the public and Plaintiff could be injured.

49.   On or about March 3, 2020, and for some time prior thereto, Defendants by and through their authorized agents, servants, and employees acting within the course and scope of their employment, caused a dangerous condition and/or negligently and carelessly owned, maintained, operated, occupied, and controlled the subject property in that they failed to prevent, inspect, maintain, and warn of dangerous conditions in and about the guest rooms including the bathroom/bathtub and within Defendants' control, creating a dangerous and hazardous condition to Plaintiff.

50.   Defendants breached their duties, including, but not limited to: failing ensure that the bathroom/bathtub was surfaced in a way to prevent slippage or maintaining the subject area in a safe manner; failing to warn Plaintiff of hazardous conditions; and failing to keep the bathroom/bathtub free of hazardous conditions.

51.   Defendants, and each of them, had actual and/or constructive knowledge of the hazardous condition of the subject area and the harmful consequences that were foreseeable as a result thereto.

9

52. Defendants, and each of their failure to repair, warn against, or otherwise mitigate the dangers and hazards in and around the subject area amounted to a conscious disregard of the rights and safety of others, including Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

53. That as a direct and proximate result of the acts and omissions of Defendants, and each of them, an incident occurred wherein Plaintiff fell at Defendants' premises sustaining significant personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

54. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to Plaintiff's damages.

55. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

56. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

100700.1 3380.43257

57. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has limited recreational activities, which have caused and shall continue to cause her physical impairment, mental anguish, and a loss of enjoyment of life, in a presently unascertainable amount.

58. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has sustained a loss of earning capacity, past and future, as well as a loss of wages.

59. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

60. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have been required to engage the services of an attorney and is entitled to reasonable attorney's fees and costs to bring this action.

### V.  SECOND CLAIM FOR RELIEF
**(Negligence via Vicarious Liability – Against All Defendants)**

61. Plaintiff reincorporates and realleges the preceding paragraphs as though fully set forth herein.

62. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them, owned, controlled, and/or were responsible for maintaining inspecting, repairing, or overseeing the subject area in and around the bathroom/bathtub where the subject incident occurred and at the time and date of its occurrence.

63. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their

11

co-defendants, and, as such were acting within the course, scope and authority of said agency, employment and/or venture on the date and time of the subject incident , and that each and every Defendant, when acting as a principal, was negligent in the selection of each and every other Defendant as an agent, servant, employee, successor in interest and/or joint venture.

64. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them, were responsible for the area where the subject incident occurred by and through permission and authority given to them from another Defendant and, as a result, Defendants and each of them are responsible for each other's negligence pursuant to the doctrines of vicarious liability and respondeat superior.

65. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them are vicariously liable for any and all damages Plaintiff incurred resulting from the negligent actions or omissions of Defendants' agents, employees, servants, partners, contractors, etc.

66. That as a direct and proximate result of the acts and omissions of Defendants, and each of them, are vicariously liable for Plaintiff's personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

67. That as a direct and proximate result of the negligence via vicarious liability of Defendants, and each of them, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care and treatment is continuing and shall continue in the future, all to Plaintiff's damages.

12

100700.1 3380.43257

PWOERS LAW

68. That as a direct and proximate result of the negligence via vicarious liability of Defendants, and each of them, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries, and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

69. That as a direct and proximate result of the negligence via vicarious liability of Defendants, and each of them, Plaintiff has suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

70. That as a direct and proximate result of the negligence via vicarious liability of Defendants, and each of them, Plaintiff has limited ability to conduct recreational activities, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

71. That as a direct and proximate result of the negligence via vicarious liabily of Defendants, and each of them, Plaintiff has sustained a loss of earning capacity, past and future, as well as a loss of wages.

72. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiffs have been required to engage the services of an attorney and is entitle to reasonable attorney's fees and costs to bring this action.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAMES ORLANDO expressly reserving the right to amend this Complaint at the time of trial to include items of damages not yet ascertained,

13

100700.1 3380.43257

demands judgment against Defendants, and each of them for:

     A.    General damages in an amount in excess of $75,000.00;

     B.    Special damages in an amount in excess of $75,000.00.

     C.    Damages for past medical care and treatment and incidental expenses incurred;

     D.    Damages for future medical care and treatment and incident expenses to be incurred;

     E.    Damages for past pain, suffering, mental anguish, and loss of enjoyment of life;

     F.    Damages for future pain, suffering, mental anguish, and loss of enjoyment of life;

     G.    Damages for loss of past and future household services;

     H.    Damages for loss of past and future earning capacity and lost wages;

     I.    For punitive damages;

. . .

. . .

. . .

. . .

PWOERS LAW

100700.1 3380.43257

J.  For an award of attorney's fees, costs of suit, and interest occurred; and;

K.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated this 14th day of July, 2023.

**POWERS LAW**

By: __s Eric S. Powers_____
ERIC S. POWERS, ESQ.
Nevada Bar No. 12850
50 S. Stephanie St., Suite 103
Henderson, NV 89012
Tel:  (702) 444-4035
*Attorneys for Plaintiff*