**RESP**
**ERIC S. POWERS**
**NEVADA BAR NO. 12850**
**POWERS LAW**
50 S Stephanie, Suite 103
Las Vegas NV, 89012
Telephone:   702.444.4035
Fax:              702.939.9968
Email:          Eric@ericpowerslaw.com

Attorney for Plaintiff James Orlando

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ORLANDO, an individual, | Case No. 2:22-CV-00404-APG-BNW |
| Plaintiff, | **MOTION FOR ENLARGEMENT OF TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT SMRUTI, LLC** |
| v. | |
| CHOICE HOTELS INTERNATIONAL, INC; SMRUTI LLC; ROES I-X; and DOES I-X, | |
| Defendants. | |

Plaintiff JAMES ORLANDO ("Plaintiff") by and through his counsel, POWERS LAW, hereby moves this Honorable Court for an Order Enlarging the Time for Service of the Summons and Complaint on Defendant SMRUTI, LLC ("Defendant").

**I.**

**FACTS**

Plaintiff alleges that on or about March 3, 2020, Plaintiff was an invited guest at the Rodeway Inn located at 19941 W. Kellogg Drive, Goddard, Kansas 67052 ("Rodeway Inn"). At the time of the incident and at all relevant times herein, a licensing agreement was in effect whereby defendant Choice agreed to license its name, image, and likeness to SMRUTI

1

with respect to the subject Rodeway Inn. Pursuant to the licensing agreement, SMRUTI was responsible for the daily operation of the subject Rodeway Inn.  Defendant Choice was also responsible for monitoring the operation of the subject Rodeway Inn and ensuring that the subject Rodeway Inn was maintained in a safe and reasonable manner.

Thus, both SMRUTI and Choice had a duty to ensure the subject Rodeway Inn was maintained in a safe and reasonable manner for patrons of the property, invited guests, and the public. Plaintiff paid value to stay at the subject Rodeway Inn and was assigned a room by Rodeway Inn staff. Upon information and belief, the flooring utilized in the rooms of the Defendant's property was specifically designed to not be slippery or create a likelihood of falls.

Plaintiff was utilizing the bathroom of the room when suddenly, unexpectedly, and without warning, Plaintiff slipped and fell in the bathroom of the room. Plaintiff sustained significant injuries that were so severe that he had to be airlifted to the hospital for medical treatment. The flooring and/or surfacing utilized by Defendants was slippery, unsafe, and not reasonably suitable for the purposes of housing invited guests at Defendant's property. The flooring utilized by the subject Rodeway Inn was authorized to be installed by Defendant Choice.  The flooring utilized by the subject Rodeway Inn was negligently maintained by Defendant SMRUTI.

## II.

## ARGUMENT

Plaintiff respectfully requests an enlargement of time to effectuate service on the Defendants. Federal Rule of Civil Procedure 4(m) states: "If defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the

action without prejudice against the defendant or order that service be made within a specified time." *Id*. If a Plaintiff shows good cause for failing to file the complaint within 90 days after the complaint is filed, "the court must extend the time for service for an appropriate period." *Id. See also, Li v. Yuying*, 2:22-cv-00038 (D. Nev. May 10, 2022).

The Ninth Circuit Court of Appeals has routinely held that courts have broad discretion to extend time under FRCP 4(m). *Id.* In making this determination, courts look to whether a plaintiff has provided "good cause" for the failure to effect service. *Fimbres v. United States,* 833 F.2d 138, 139 (9th Cir. 1987). At minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A court may look at whether (a) the defendant would suffer no prejudice from the defect in service, (b) there is a justifiable excuse for a failure to serve properly, and (c) the plaintiff would be severely prejudiced if his complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984).

Here, good cause exists to extend the time for service of the summons and complaint because counsel for Plaintiff has been out of the state tending to his mother who has been undergoing brain surgery in Phoenix, Arizona. Counsel for Plaintiff is the only person who could be present for his mother while this treatment was being conducted. The treatment occurred during the course and scope of the service period herein.[1] Plaintiff also meets the factors set forth in *Borzeka*. Defendant would suffer no prejudice because Defendant has not extended any resources related to this action or taken any action to its detriment herein. Further, the delay in service is only short amount of days. On the contrary, Plaintiff would be severely prejudiced if the Complaint were dismissed because Plaintiff would potentially not be permitted to refile this action due to the statute of limitations. Such a result runs contrary to both Nevada and Federal law's longstanding principle that matters be resolved on the merits.

If additional time is not granted, Plaintiff will potentially not be permitted to refile this action against SMRUTI, LLC. Moreover, Plaintiff has recently discovered that SMRUTI, LLC is the more culpable and proper party in this action. There will be no prejudice to any Defendant under any

---

[1] Counsel for Plaintiff by signing and filing this Motion herein hereby attests under penalty of perjury that the foregoing statements and true and correct.

3

circumstances by granting the Motion. Therefore, Plaintiff respectfully request that this Court grant its Motion to Enlarge the Time for Service of the Defendants for an additional 60 days, and execute an Order regarding the same.

## II.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests an extension of time to serve the Defendants for an additional 60 days.

Respectfully submitted,

Dated this 31st day of October, 2023.

**POWERS LAW**

By: __s Eric S. Powers_____
    ERIC S. POWERS, ESQ.
    Nevada Bar No. 12850
    50 S. Stephanie St., Suite 103
    Henderson, NV 89012
    Tel:  (702) 444-4035
    *Attorney for Plaintiff*

**IT IS SO ORDERED**

**DATED:** 5:52 pm, November 01, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4